IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

GILBERTO ZARATE COVARUBIAS,

        Petitioner,                            OPINION AND ORDER

   v.                                              25-cv-136-wmc

WARDEN E. EMMERICH,

        Respondent.
_____

       Petitioner Gilberto Zarate Covarubias, also known as Gilberto Zarate, is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Covarubias has filed a federal habeas corpus petition under 28 U.S.C. § 2241, arguing that the BOP has incorrectly denied him time credits earned under the First Step Act because a final order of removal has been entered against him. For the reasons explained below, the court will deny the petition and dismiss this case with prejudice.

OPINION

       A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Under Rule 4 of the Rules Governing Section

1

2254 Cases, which also applies to proceedings under § 2241, the court may summarily dismiss a habeas petition if "it appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

Court records show that petitioner is presently incarcerated as the result of a conviction for conspiracy to distribute and possession with intent to distribute methamphetamine. Petitioner received a sentence of 131 months' imprisonment followed by 60 months of supervised release in that case. *See United States v. Gilberto Zarate*, Crim. No. 1:16-CR-122-1 (E.D. Cal. June 18, 2018). His projected release date is October 25, 2025.

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs"). The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration

2

laws).

Petitioner acknowledges that he was previously deported pursuant to a Memorandum and Order from an immigration judge, ordering him removed to Mexico. (Dkt. #1-1, at 2.) Petitioner explains that he was removed to Mexico pursuant to that order of removal in 2008, but that he reentered the United States and was rearrested on July 7, 2016, and subsequently convicted of the above-referenced drug-trafficking offense. (Dkt. #1, at 3.) Petitioner argues that his previous order of removal cannot be used to deny him FTCs, because it has not been reinstated. However, additional documents attached to the petition are to the contrary. Petitioner provides a Detainer Action Letter from the Bureau of Immigration and Customs Enforcement dated November 3, 2023, stating that his deportation has been ordered (dkt. #1-1, at 4), and he also provides an Immigration Detainer – Notice of Action from the Department of Homeland Security ("DHS"), stating that a "final order of removal" has been entered against him (dkt. #1-1, at 3.) In addition, petitioner submits an administrative remedy response from the acting warden at FCI-Oxford, who found that a final order of removal was completed and signed off by a "Homeland Security Deportation Officer" on October 24, 2023. (Dkt. #1-3, at 5.) When petitioner appealed that finding, a regional director for BOP confirmed that DHS had found probable cause that petitioner was a "removable alien," and that a final order of removal had been entered against him. (Dkt. #1-3, at 7.) Therefore, even though petitioner has been earning FTCs for participating in institutional programming, he is not eligible to have those credits applied to his sentence.

To the extent that petitioner may be attempting to challenge the validity of his order of removal, any challenge to a removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]"  8 U.S.C. §§ 1252(a)(5), 1252(b)(2).  Based on this record, petitioner fails to show that his sentence has been calculated incorrectly or that he is entitled to relief under 28 U.S.C. § 2241.  Therefore, his petition must be denied.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed by Gilberto Zarate Covarubias, also known as Gilberto Zarate (dkt. #1), is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 12th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge